1  MICHAEL P. MARTIN [SBN 190213]
   FISCHBACH PERLSTEIN LIEBERMAN &
2  ALMOND LLP
   1875 Century Park East, Suite 1450
3  Los Angeles, California  90067-2746
   Telephone: (310) 556-1956
4  Facsimile:  (310) 556-4671
   Email: mmartin@fpllaw.com
5
   Attorneys for Plaintiff
6

7

8
                  **IN THE UNITED STATES DISTRICT COURT**
9
                  **FOR THE CENTRAL DISTRICT OF CALIFORNIA**
10

11
   STRANGE MUSIC, INC., a _Missouri           Case No.:
12 Corporation,
                                              COMPLAINT FOR FEDERAL
13                                            TRADEMARK INFRINGEMENT;
                     Plaintiff,               STATE COMMON LAW TRADEMARK
14                                            INFRINGEMENT; FEDERAL UNFAIR
        v.                                    COMPETITION; STATE UNFAIR
15                                            COMPETITION; FEDERAL TRADEMARK
                                              DILUTION; AND STATE TRADEMARK
16 STRANGE WORLDWIDE, LLC, A                  DILUTION
   California Limited Liability Company, and
17 DOES 1-10.

18
                     Defendants.
19

20

21

22

23     Plaintiff STRANGE MUSIC, INC. (hereinafter referred to as "Plaintiff")

24 complains and alleges as follows:

25
                          JURISDICTION AND VENUE
26

27     1.     This action arises under the Lanham Act, as amended (15 U.S.C. §§

28

                                        1
                                    COMPLAINT

1114, 1116, 1117, 1125(a), and 1125(c)); California Business & Professions Code §§ 14320, 14330, 17200, *et seq.*, and 17500; and California common law. Jurisdiction is proper under 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338(a) and 1338(b).  Jurisdiction is also proper pursuant to this Court's supplemental jurisdiction as provided in 28 U.S.C. § 1367 in that the state law claims alleged herein are so related to the federal claims that they form part of the same case or controversy under Article III of the United States Constitution.

   2. Venue is proper in this Judicial District under 28 U.S.C. §§ 1391(b) and 1391(c) in that Defendants transact business in this Judicial District and a substantial part of the events or omissions giving rise to the claims herein occurred within this Judicial District.

## THE PARTIES

   3. Plaintiff STRANGE MUSIC, INC. ("Plaintiff") is a Missouri corporation, having its principal place of business located at 1250 NE Sloan St Lee's Summit MISSOURI 64086. Plaintiff is the exclusive owner of the trademarks which form the basis of this action.

   4. a. Plaintiff is informed and believes, and on such basis alleges, that Defendant STRANGE WORLDWIDE, LLC (hereinafter individually "Defendant") is a California limited liability company having a business at 1306 McCollum Street Los Angeles CALIFORNIA 90026, and is conducting business in Los Angeles, including this Judicial District and is likewise conducting specific business

complained of in this complaint in California including this Judicial District.

b. Plaintiff is ignorant of the true names and capacities of Defendants sued herein as DOES 1 - 10, inclusive, and therefore sue said Defendants by such fictitious names. Plaintiff will amend this Complaint to allege said Defendants' true names and capacities when ascertained.

c. Plaintiff is informed and believes, and on such basis alleges that each of the aforementioned Defendants acted at all times alleged herein as the agent, employee, representative, and/or alter ego of the other Defendants; is responsible in some manner for the occurrences alleged herein; and caused the injuries alleged herein.

## GENERAL ALLEGATIONS
## PLAINTIFF AND THE STRANGE MARKS

5. Plaintiff manufactures, sells, distributes, advertises, and licenses entertainment, audio and video recordings, musical sound recordings, a wide variety of merchandise, live concerts events, entertainment services and promotional items under its well-known trademarks, STRANGE MUSIC, STANGE WORLD, STRANGE LAND, STRANGE FEST and STRANGE LANE RECORDS (hereinafter referred to as "Strange Marks").

6. Plaintiff utilizes its Strange Marks in various combinations on its products, online, in sales catalogs and in advertising among the entertainment community to identify them as originating from Plaintiff.

7. Plaintiff's Strange Marks are extremely well-known in the United States and worldwide. This high level of name recognition among the public gives these marks lucrative appeal.

8. In addition to the longstanding, international use and goodwill mentioned above, Plaintiff has registered its Strange Marks at the United States Federal level and has applications pending in the U.S. Presently, Plaintiff is the owner of the following U.S. Federally Registered trademarks, among others: 5738966 for Strange Music Logo; 4016487 for the mark STRANGE MUSIC in Class 14; 3902834 for the mark STRANGE MUSIC in class 9, 25 and 41; 5281911 for the mark STRANGE LAND; Serial No. 86834786 for STRANGE WORLD; No. 5711137 for STRANGE MAIN; No. 88383349 for STRANGE FEST; and Serial No. 88326963 for the Strange Music Logo.

9. Plaintiff's above referenced trademarks are hereinafter collectively referred to as "the STRANGE Marks."

10. Plaintiff has been using said marks since at least July, 2001 and has been using said marks in interstate commerce since at least July, 2001.

11. In addition, as a result of Plaintiff's efforts through advertising, promotions, sales, and customer service, as well as favorable recommendations by Plaintiff's customers, Plaintiff's STRANGE Marks products have achieved enormous popularity among the public. As a result of these efforts and Plaintiff's exclusive use of the Strange Marks, the Strange Marks have acquired substantial

goodwill and secondary meaning for a long period of time, serving as an indicator of Plaintiff as the source of origin of its products.

12. By virtue of the Strange Marks' inherent distinctiveness and acquired secondary meaning; the long duration and international usage exclusively by Plaintiff of the Strange Marks for live music events, musical sound recordings and merchandise; Plaintiff's extensive advertising and publicity of the Strange Marks; and the extremely high degree of recognition of the mark in the trading areas and channels of trade used by Plaintiff; the Strange Marks, and each of them, are famous under 15 U.S.C. § 1125(c)(1) of the Federal Trademark Dilution Act of 1995.

## Defendants' Unlawful Conduct: Trademark Infringement, Unfair Competition and Trademark Dilution

13. Plaintiff is informed and believes, and on such basis alleges, that Defendant sells musical audio and video equipment for sound and lighting for live musical events under the names STRANGE WORLDWIDE and STRANGE ELECTRONIC.

14. Defendant has advertised its goods and services using the STRANGE ELECTRONIC Marks on the Internet and among entertainment enterprises, where consumers are likely to confuse or have confused its products with Plaintiff's authorized products and services in the same market space.

15. Defendant has no right, license or other authority from Plaintiff to use

any of the Strange Marks or marks similar thereto for any purpose.

16. Plaintiff is informed and believes, and on such basis alleges, that Defendant knew of the Strange Marks and that the same were owned by someone other than themselves; knew that the Strange Marks were distinctive and famous; and knew that Defendant had not received any authority from Plaintiff to use the Strange Marks or any other marks confusingly similar thereto, for any purposes.

17. Defendant's unlawful activities result in irreparable injury and damage to Plaintiff's reputation.

18. Additionally, Defendant's unlawful activities injure the public by depriving the public of the right to be free of confusion in the marketplace.

19. Plaintiff is informed and believes, and on such basis alleges, that Defendant has deliberately, willfully, and maliciously used marks confusingly similar to the Strange Marks in order to trade on the goodwill that Plaintiff has attained in the Strange Marks, to dilute the Strange Marks and to confuse the public into believing that Defendant's unauthorized use is licensed or authorized by Plaintiff.

## FIRST CLAIM FOR RELIEF

(Federal Trademark Infringement)

20. This claim for relief arises under 15 U.S.C. § 1114 and is alleged against all Defendants.

21. Plaintiff reallege the allegations in paragraphs 1 through 19 of this

Complaint as though fully set forth herein.

22. Plaintiff is the owner of the Federally Registered trademarks, including the Strange Marks set forth above. These trademarks are inherently distinctive and have, in addition, acquired substantial goodwill and secondary meaning.

23. Plaintiff is informed and believes, and on such basis alleges, that Defendants are using marks confusingly similar or identical to the Strange Marks.

24. Defendants have not been authorized by Plaintiff to use any Strange Marks or any mark similar thereto, for any purpose whatsoever, including the use of marks similar to the Strange Marks in connection with live musical performances, including hip hop artists.

25. Defendants' unauthorized use of the Strange Marks or any mark similar thereto is likely to confuse the public as to the source, origin, sponsorship and affiliation of the goods and services sold by Defendants.

26. Defendants' unauthorized use is likely leading the public to believe Defendants' goods and services are sponsored by Plaintiff, or with the permission, approval or endorsement of Plaintiff.

27. Defendants' unlawful activities injure the public by depriving the public of the right to be free from confusion in the marketplace.

28. By reason of this unauthorized use of marks similar to the Strange Marks, Defendants have unlawfully and wrongfully derived, and will continue to unlawfully and wrongfully derive, income and profits from these infringing acts,

and Plaintiff has sustained, and will continue to sustain, substantial injury, loss and damage in an amount according to proof.

29. Plaintiff is informed and believes, and on such basis alleges, that this infringing use by Defendants has been deliberate and willful, entitling Plaintiff to increased damages and attorney's fees.

30. Plaintiff is informed and believes, and on such basis alleges, unless restrained and enjoined by this Court, Defendants will continue to infringe Plaintiff's trademark rights and cause confusion, deception and mistake among the trade and the consuming public as to the source and sponsorship of the goods and services sold by Defendants.

31. Defendants' activities have caused Plaintiff irreparable injury and unless Defendants' acts are immediately and permanently enjoined, Defendants will continue to use marks similar to the Strange Marks, thus continuing to infringe upon Plaintiff' rights.

32. Plaintiff has no adequate remedy at law.

## SECOND CLAIM FOR RELIEF

(California Trademark Infringement)

33. This claim for relief arises under California Business & Professions Code § 14320 and California common law and is alleged against all Defendants.

34. Plaintiff realleges the allegations in paragraphs 21 through 32 of this Complaint as though fully set forth herein.

35. Plaintiff is the owner of common law trademarks, trademarks registered in the state of California, and federally registered trademarks, including the Strange Marks set forth above. These trademarks are inherently distinctive and have, in addition, acquired substantial goodwill and secondary meaning.

36. Defendants' unauthorized use of marks confusingly similar to the Strange Marks is likely to confuse the public as to the source, origin, sponsorship and affiliation of the goods and services sold by Defendants.

37. Defendants have infringed upon Plaintiff's rights by using marks confusingly similar to the Strange Marks in connection with their goods and services well after Plaintiff had used the Strange Marks and made them famous.

38. By reason of this unauthorized use of marks confusingly similar to the Plaintiff's Marks, Defendants have unlawfully and wrongfully derived, and will continue to unlawfully and wrongfully derive, income and profits from these infringing acts, and Plaintiff has sustained, and will continue to sustain, substantial injury, loss and damage in an amount according to proof.

39. Plaintiff is informed and believes, and on such basis alleges, that this infringing use by Defendants has been deliberate and willful, entitling Plaintiff to increased damages and attorney's fees.

40. Plaintiff is informed and believes, and on such basis alleges, unless restrained and enjoined by this Court, Defendants will continue to infringe Plaintiff's trademark rights and cause confusion, deception and mistake among the

trade and the consuming public as to the source of the services sold by Defendants.

41.  Defendants' activities have caused Plaintiff irreparable injury and unless Defendants' acts are immediately and permanently enjoined, Plaintiff will continue to suffer irreparable harm and injury.

42.  Plaintiff has no adequate remedy at law.

### THIRD CLAIM FOR RELIEF

(Federal Unfair Competition)

43.  This claim for relief arises under 15 U.S.C. § 1125(a) and is alleged against all Defendants.

44.  Plaintiff realleges the allegations in paragraphs 34 through 42 of this Complaint as though fully set forth herein.

45.  As alleged previously, Plaintiff is the owner of the Strange Marks, which trademarks have acquired substantial goodwill and secondary meaning.

46.  As also alleged above, Defendants have used marks confusingly similar to the Strange Marks in connection with Defendants' musical sound recordings, without permission or authority from Plaintiff.

47.  Defendants have not obtained from Plaintiff any license or other permission to use any of the Strange Marks or marks confusingly similar thereto for any purpose whatsoever.

48.  Defendants' unauthorized use in commerce of and fraudulent attempt at registration with the U.S. Trademark Office of a mark confusingly similar to

Plaintiff's Strange Marks, constitutes a false designation of origin and false or misleading representation of fact, which is likely to cause confusion, mistake, or to deceive customers and potential customers as to the source, origin, sponsorship and affiliation of the goods and services sold by Defendants.

49. Defendants' above-mentioned use of the Strange Marks or marks confusingly similar thereto constitute violations of Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)).

50. Defendants have unlawfully and wrongfully derived, and will continue to unlawfully and wrongfully derive, income and profits from these acts of false designation of origin and false representation, and Plaintiff has sustained, and will continue to sustain, substantial injury, loss and damage in an amount to be proven at trial.

51. Defendants' activities have caused Plaintiff irreparable injury and unless Defendants' acts are immediately and permanently enjoined, Plaintiff will continue to suffer irreparable harm and injury.

52. Plaintiff has no adequate remedy at law.

## FOURTH CLAIM FOR RELIEF

(California Unfair Competition)

53. This claim for relief arises under the California Business & Professions Code §§17200, *et seq*. and 17500 and is alleged against all Defendants.

54. Plaintiff realleges the allegations in paragraphs 44 through 52 of this

Complaint as though fully set forth herein.

55.   Defendants' conduct is unfair and deceptive behavior pursued in the course of their businesses in that their actions were likely to deceive present and potential customers of Defendants and of Plaintiff.

56.   Defendants have willfully decided to unfairly compete with Plaintiff by misappropriating Plaintiff's proprietary Marks by unlawfully using marks confusingly similar to Plaintiff's proprietary marks in an attempt to trade on Plaintiff's goodwill and confuse consumers as to the source, origin, sponsorship and affiliation of the goods and services sold by Defendants.

57.   Defendants have unlawfully derived income and profits from their activities and will continue to so derive income and profits from their acts of unfair competition, and Plaintiff has sustained, and will continue to sustain, substantial injury, loss and damage in an amount according to proof.

58.   Defendants' activities have caused Plaintiff irreparable injury and unless Defendants' acts are immediately and permanently enjoined, Plaintiff will continue to suffer irreparable harm and injury.

59.   Plaintiff has no adequate remedy at law.

## FIFTH CLAIM FOR RELIEF

(Federal Trademark Dilution)

60.   This claim for relief arises under 15 U.S.C. §1125(c) and is alleged against all Defendants.

61. Plaintiff realleges the allegations in paragraphs 54 through 59 of this Complaint as though fully set forth herein.

62. Plaintiff is the owner of the Strange Marks, set forth above. These trademarks are inherently distinctive, have acquired substantial goodwill and secondary meaning, and are famous within the meaning of 15 U.S.C. § 1125(c)(1) of the Federal Trademark Dilution Act of 1995.

63. Defendants are using marks identical to the Strange Marks without authorization from Plaintiff in connection with the promotion, manufacture and sale of sound and lighting equipment products and services for live concert events.

64. Defendants have not been authorized by Plaintiff to use any of the Strange Marks or any marks confusingly similar thereto for any purpose whatsoever, including the promotion, manufacture and sale of sound and lighting equipment products and services for live concert events.

65. Defendants' use of marks confusingly similar to the Strange Marks dilutes the marks by lessening their capacity to identify and distinguish Plaintiff's goods and services in the stream of commerce.

66. Defendants' use of marks confusingly similar to the Strange Marks occurred only after the marks had become famous.

67. By reason of this unauthorized use of marks confusingly similar to the Strange Marks, Defendants have unlawfully and wrongfully derived, and will continue to unlawfully and wrongfully derive, income and profits from these

diluting acts, and Plaintiff has sustained, and will continue to sustain, substantial injury, loss and damage in an amount according to proof.

68. Plaintiff is informed and believes, and on such basis alleges that, through this use, Defendants deliberately and willfully intended to trade on the goodwill that Plaintiff has attained in the Strange Marks and to cause dilution of the Strange Marks, entitling Plaintiff to increased damages and attorney's fees.

69. Plaintiff is informed and believes, and on such basis alleges that, unless restrained and enjoined by this Court, Defendants will continue to use marks confusingly similar to the Strange Marks, thus continuing to cause the dilution of the Strange Marks.

70. Defendants' activities have caused Plaintiff irreparable injury and unless Defendants' acts are immediately and permanently enjoined, Plaintiff will continue to suffer irreparable harm and injury.

71. Plaintiff has no adequate remedy at law.

### SIXTH CLAIM OF RELIEF

(California Trademark Dilution)

72. This claim for relief arises under California Business & Professions Code § 14330, and is alleged against all Defendants.

73. Plaintiff realleges the allegations of paragraphs 61 through 71 of this Complaint as though fully set forth herein.

74. Plaintiff is the owner of common law trademarks, trademarks

registered in the state of California, and federally registered trademarks, including the Strange Marks set forth above. These trademarks are inherently distinctive and have, in addition, acquired substantial goodwill and secondary meaning and well known and famous.

75. Plaintiff is informed and believes, and on such basis alleges that Defendants, with full knowledge of the public recognition of the Strange Marks, have used marks confusingly similar to the Strange Marks on their goods and services without authorization from Plaintiff after Plaintiff's marks became well known and famous.

76. The aforementioned actions of Defendants have caused, and are likely to continue to cause, injury to Plaintiff's business and professional reputation and to dilute the distinctive quality of the Strange Marks in violation of Section 14330 of the California Business & Professions Code.

77. Defendants' activities have caused Plaintiff irreparable injury and unless Defendants' acts are immediately and permanently enjoined, Plaintiff will continue to suffer irreparable harm and injury.

78. Plaintiff has no adequate remedy at law.

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

1. That the Court issue a preliminary injunction restraining, enjoining and prohibiting Defendants, and their officers, agents, employees and attorneys, and any person in active concert or participation with them or who are acting under their

direction, and each of them, from the following:

    (a)    diluting the Strange Marks and damaging Plaintiff's goodwill, reputation and business related thereto,

    (b)    using the Strange Marks in any manner or any marks similar thereto including STRANGE MAGIC, and from causing, contributing to or participating in, the unauthorized display and/or distribution of the Strange Marks to the public in connection with any product or service,

    (c)    engaging in conduct which tends falsely to represent or is likely to confuse, mislead or deceive members of the public,

    (d)    Otherwise unfairly competing with Plaintiff in any manner, and

    (e)    Continuing to perform in any manner whatsoever any of the other acts complained of in this Complaint;

2.    That this Court issue a permanent injunction, prohibiting Defendants from directly or indirectly diluting or infringing the Strange Marks, and in any manner unfairly competing with Plaintiff; and from inducing, or contributing to or participating in any such acts referred to in paragraph 1 of this prayer;

3.    That the Court award Plaintiff its damages from Defendants including recovery of any compensatory damages sustained by Plaintiff as a result of Defendants' diluting, infringing and/or tortuous activities described herein;

4.    That the Court order Defendants to account for all gains, profits and advances derived by Defendants from the acts complained of, together with

appropriate interest thereon;

5. That the Court further award Plaintiff an increase in damages in an amount found or assessed as a result of willful acts of trademark dilution, trademark infringement, and unfair competition under 15 U.S.C. § 1117;

6. That Defendants pay Plaintiff's costs and disbursements in this action, together with reasonable attorneys' fees;

7. That Plaintiff be awarded punitive damages;

8. That the Court order Defendant to expressly abandon the fraudulently filed U.S. Trademark Application Nos. 88616623, 88616515, 88617918 and 88617897; and

9. That Plaintiff have such other and further relief as the Court may deem just and proper.

DATED: November 2, 2020          **FISCHBACH, PERLSTEIN,**
                                 **LIEBERMAN & ALMOND, LLP**


                                 By:/Michael P. Martin/
                                    **Michael P. Martin**
                                    Attorneys for Plaintiff, Strange Music, Inc.

{00015447.DOCX 1}   i

{00015447.DOCX 1}                                1